**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATHAN SMITH, | No. 12-16319 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01554-AWI-MJS |
| v. | |
| H.A. RIOS, Jr., Warden, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Federal prisoner Nathan Smith appeals pro se from the district court's

judgment dismissing his action brought under *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

defendant Rios violated his First and Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Smith's action because Smith failed to allege that defendant personally participated in the alleged constitutional violations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[O]fficials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) ("Even under a deliberate indifference theory of individual liability, the Plaintiffs must still allege sufficient facts to plausibly establish the defendant's knowledge of and acquiescence in the unconstitutional conduct of his subordinates." (citation and internal quotation marks omitted)).

To the extent that Smith alleges that defendant violated his constitutional rights in the processing of his grievance, Smith fails to state a claim because prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**